UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - v -

MICHAEL PALLESCHI, and
DAVID LETHEM,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - X

**SEALED INDICTMENT**

21 CRIM 454

## COUNT ONE

**(Conspiracy to Commit Securities Fraud, Wire Fraud, to Make
False Filings with the Securities and Exchange Commission, and
to Improperly Influence the Conduct of Audits)**

The Grand Jury charges:

### BACKGROUND

1.  Unless specified otherwise, at all times relevant to this Indictment:

### FTE Networks, Inc.

a.  FTE Networks, Inc. ("FTE") was a public company engaged in the telecommunications business that was based in Naples, Florida and New York, New York. Prior to December 14, 2017, FTE's common stock traded on the OTCQX market. As of December 14, 2017, FTE's common stock traded on the NYSE American market. On or about December 17, 2019, at market close, the Company's Common Stock was suspended from trading on

the NYSE American Market and the stock was delisted on May 21, 2020.

### The Defendants

b.  MICHAEL PALLESCHI, the defendant, was the chairman of FTE's Board of Directors and FTE's Chief Executive Officer from in or about January 2014 to in or about May 2019.

c.  DAVID LETHEM, the defendant, was FTE's Chief Financial Officer from in or about June 2014 to in or about March 2019.

### Public Company Reporting Requirements

d.  FTE was required to comply with the federal securities laws, which were designed to ensure that a public company's financial information was accurately recorded and disclosed to the investing public.  Specifically, pursuant to the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder, FTE was required to:  1) file with the United States Securities and Exchange Commission (the "SEC") annual financial statements on SEC Form 10-K; 2) file with the SEC quarterly financial reports on SEC Form 10-Q; and 3) make and keep books, records and accounts that accurately and fairly reflected FTE's business transactions.

e.  MICHAEL PALLESCHI and DAVID LETHEM, the

2

defendants, signed FTE's quarterly and annual financial reports. Additionally, FTE filed with each of its quarterly and annual financial reports certifications entitled "Certification of Periodic Report Under Section 302 of the Sarbanes-Oxley Act of 2002" in which PALLESCHI and LETHEM each certified, in part:

> 1.  I have reviewed this [quarterly or annual] report [] of FTE Networks, Inc.;
>
> 2.  Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;
>
> 3.  Based on my knowledge, the financial statements, and other financial information included in this report, fairly present in all material respects the financial condition, results of operations and cash flows of the registrant as of, and for, the periods presented in this report.

In these certifications, PALLESCHI and LETHEM also certified that they had disclosed to FTE's outside auditor (the "Auditor") and the Audit Committee of its Board of Directors or persons performing the equivalent functions "[a]ny fraud, whether or not material, that involves management or other employees who have a significant role in the registrant's internal control over financial reporting."

f.  In conjunction with each of its quarterly and annual financial reports, FTE included a second set of

3

certifications entitled "Certification Pursuant to 18 U.S.C. Section 1350 As Adopted Pursuant to Section 906 of the Sarbanes-Oxley Act of 2002," in which MICHAEL PALLESCHI and DAVID LETHEM, the defendants, each further certified, in part, that the quarterly or annual financial report:

> fully complies with the requirements of Section 13(a) . . . of the Securities Exchange Act of 1934; and . . . information contained in the Report fairly presents, in all material respects, the financial condition and result of operations of the Company as of the dates and for the period expressed in the Report.

g.    Federal securities law further required that FTE's annual financial statements be audited by independent certified public accountants.

h.    At the end of each reporting period, in connection with the preparation of FTE's quarterly and annual financial statements, MICHAEL PALLESCHI and DAVID LETHEM, the defendants, signed and caused to be submitted to the Auditor a management representation letter, in which PALLESCHI and LETHEM represented, among other things:  1) they had no knowledge of any fraud or suspected fraud affecting FTE involving management; 2) there were no material transactions that had not been properly recorded in FTE's accounting records; and 3) and there were no violations or possible violations of laws or regulations whose effects should be considered for disclosure in the

4

financial statements.

## THE SCHEME TO DEFRAUD INVESTORS

2.    Confronted with FTE's increasingly disappointing financial performance, from at least in or about January 2016 up to in or about February 2019, MICHAEL PALLESCHI and DAVID LETHEM, the defendants, and others engaged in a multifaceted scheme to fraudulently represent to investors, lenders, accountants, and others that FTE's financial condition was better than it in fact was.  In furtherance of the scheme:

a.    PALLESCHI, LETHEM, and others, concealed the convertible and warrant features of convertible debt into which FTE entered from 2016 to early 2019, causing material misstatements and omissions on FTE's financial statements regarding FTE's outstanding liabilities, expenses, and shareholder equity, ultimately leading to a restated net loss of more than $92 million for 2017.

b.    PALLESCHI, LETHEM, and others, also recognized and reported more than $12 million of fake revenue from 2016 through 2018 for work FTE never performed, thereby fraudulently inflating revenue and earnings figures on FTE's financial statements during that period.

3.    MICHAEL PALLESCHI and DAVID LETHEM, the

5

defendants, and others made these materially false and misleading statements and omitted material facts regarding FTE's financial condition, among other reasons, in order to mask a trend of FTE's increasing operating losses, to avert a decline in the share price of FTE's common stock, and to avoid the results of triggering FTE's debt covenants, which could have placed the company into bankruptcy.

4.    During and in relation to the scheme, MICHAEL PALLESCHI and DAVID LETHEM, the defendants, and others collectively used, without lawful authority, multiple identities, including the identities of an employee of one of FTE's customers, members of FTE's board of directors, and an employee of FTE's transfer agent.

### Convertible Notes

5.    From in or about 2016, and at an increasing rate from 2017 to January 2019, MICHAEL PALLESCHI and DAVID LETHEM, the defendants, and others caused FTE to issue more than 70 convertible notes with a total principal balance of more than $22 million to several different lenders.  These convertible notes generally provided that, upon default or, in some instances, at the election of the lender, the lender had the right to convert the principal and interest earned on the note

6

into shares of unregistered FTE common stock at a substantial discount to the market price.  Many of the notes also included warrants to buy the company's common stock.

6.  FTE recognized the principal balance of the notes as notes payable, but MICHAEL PALLESCHI and DAVID LETHEM, the defendants, and others actively concealed the convertible and warrant features of many of the notes by, among other means:  a) creating fake notes that omitted the convertible notes' conversion and warrant features (the "Fake Notes"); b) providing the Fake Notes to FTE's accountants, thus causing FTE to report the convertible notes as non-convertible promissory notes; c) forging the signatures of at least four members of FTE's Board of Directors on written resolutions approving the issuance of the convertible notes and providing those forged resolutions to lenders; d) forging the signatures of a representative of FTE's transfer agent on letters in which the transfer agent acknowledged receipt of instructions from FTE to reserve a sufficient number of shares of common stock to issue in the event a convertible lender converted a note; and e) making false representations to the Auditor regarding the existence of convertible debt.

### The Fake Notes

7.    In or about February 2018, FTE hired a certified public accountant (the "CPA") who had prior experience in accounting for convertible debt.  Shortly after his arrival at FTE, the CPA began to question whether deposits into FTE's bank accounts from entities he recognized as convertible lenders arose from FTE's issuance of convertible notes.  The CPA told others at FTE that an issuer of convertible debt and warrants had to account for the derivative liabilities and associated expenses apart from accounting for the principal balance and interest on the notes.

8.    From in or about April 2018 to in or about January 2019, DAVID LETHEM, the defendant, created and caused the creation of more than 35 Fake Notes with a total principal balance of more than $14 million.  LETHEM created some of the Fake Notes and, starting in or about July 2018, caused an FTE administrative employee (the "Administrative Employee") to create Fake Notes when he caused FTE to issue convertible notes. LETHEM sent, and caused to be sent, the Fake Notes to the CPA. The CPA then caused FTE to recognize the Fake Notes as non-convertible promissory notes.

8

### The Forged Board Resolutions

9.   Convertible lenders generally required that a corporate convertible borrower's Board of Directors approve the borrower's issuance of convertible debt.  FTE's bylaws also required that its Board of Directors approve any issuance of the company's common stock, including through the issuance of convertible notes.

10.   From in or about January 2018 to in or about January 2019, DAVID LETHEM, the defendant, personally created, and caused the Administrative Employee to create, fake resolutions of FTE's Board of Directors that contained forged signatures of each of the Directors (the "Forged Resolutions"). LETHEM then provided the Forged Resolutions to convertible lenders and caused FTE to issue convertible debt without the knowledge or approval of many of FTE's Directors.

### The Forged Transfer Agent Letters

11.   Convertible lenders generally required their borrowers to:  a) execute letters in which the borrower irrevocably directs the transfer agent to set aside a specified number of shares for issuance upon conversion of convertible notes (a "Transfer Agent Letter"); b) obtain the signature of the transfer agent's representative on the Transfer Agent Letter

9

acknowledging the transfer agent's receipt of the letter; and c) provide the Transfer Agent Letter, with the transfer agent's acknowledgment of receipt, to the convertible lender as part of the application for the convertible loan.  Transfer Agent Letters protected convertible lenders by ensuring that sufficient shares would be available for issuance to pay down the debt upon possible conversion of the note.  From 2016 to in or about January 2019, most, if not all, of the convertible notes into which FTE entered were accompanied by such a Transfer Agent Letter.

12.  In or about June 2017, DAVID LETHEM, the defendant, forged the signature of a representative of FTE's transfer agent (the "Transfer Agent Representative") on at least four Transfer Agent Letters.  In at least three instances, LETHEM provided the forged Transfer Agent Letters to convertible lenders in support of FTE's applications for convertible loans.

### False Denial of Two Convertible Notes to the Auditor

13.  On or about April 14, 2018, DAVID LETHEM, the defendant, falsely denied to the Auditor that FTE had entered into two specific convertible notes in 2017.  Three days later, MICHAEL PALLESCHI, the defendant, and LETHEM repeated this false denial to the Auditor in a management representation letter

10

related to the Auditor's audit of FTE's financial statements as of December 31, 2017.

### Concealment of Note's Conversion Features from Auditors

14.    From in or about April 2018 to in or about November 2018, MICHAEL PALLESCHI and DAVID LETHEM, the defendants, and others made material misstatements to the Auditor in order to conceal the existence of another convertible note, signed by DAVID LETHEM, the defendant, in the amount of $1.4 million and due on October 11, 2018 (the "April 2018 Note").

15.    On or about August 10, 2018, a representative of the Auditor requested a copy of the April 2018 Note from the CPA and another FTE employee.  The Auditor accurately described the terms of the April 2018 Note with the exception of the note's conversion feature.

16.    Later that day, DAVID LETHEM, the defendant, directed the CPA not to send the April 2018 Note to the Auditor and said that he would send the note himself.  LETHEM did not do so.

17.    In or about early November 2018, a representative of the Auditor asked again for a copy of the April 2018 Note. Later that day, DAVID LETHEM, the defendant, caused the

11

Administrative Employee to create a Fake Note generally corresponding to the terms of the April 2018 Note, but omitting the April 2018 Note's conversion features.  LETHEM subsequently learned that the Auditor suspected that the April 2018 Note was convertible and therefore did not send this Fake Note to the Auditor.

18.    In an effort to avoid confirming that the April 2018 Note was convertible, DAVID LETHEM, the defendant, falsely told the Auditor on or about November 12, 2018 that the computer file containing FTE's sole copy of the April 2018 Note had become corrupted and, therefore, was irretrievably lost.  A few days later, however, LETHEM forwarded to a consultant retained by FTE an e-mail from the lender to LETHEM on April 10, 2018 attaching a copy of the April 2018 Note.

19.    On or about November 15, 2018, DAVID LETHEM, the defendant, sent by e-mail an unsigned copy of the April 2018 Note to an attorney employed by FTE as in-house counsel (the "Attorney").  Approximately one hour later, the Attorney e-mailed the note back to LETHEM in a new e-mail with the notation "Dave, see attached.  I got in late last night.  Sorry for not getting back to you."

20.    DAVID LETHEM, the defendant, then forwarded the

e-mail he had received from the Attorney to a member of FTE's Board of Directors ("Director-1"). Director-1 subsequently forwarded the note to the Auditor with the false notation "[the Attorney] found the note!" After the auditor responded to this e-mail with his initial analysis of how to account for the note, Director-1 e-mailed MICHAEL PALLESCHI, the defendant, to say "So far so good he has not mentioned derivative liability."

21. On or about November 16, 2018, the Auditor asked DAVID LETHEM, the defendant, to have the Attorney review the Attorney's files for other convertible notes. LETHEM forwarded the Auditor's e-mail to Director-1, who then texted LETHEM with the message "I don't think [the Attorney] will send what you need, just my gut."

22. On or about November 17, 2018, the Attorney sent an e-mail to DAVID LETHEM, the defendant, with a copy to the Auditor in which the Attorney falsely stated "Dave, this follows up on our call. As discussed, I do not know of, nor do I have in my possession, any material outstanding notes you described."

### Accounting for Convertible Notes

23. Because the defendants and others fraudulently concealed the convertible nature of FTE's notes from the Auditor, FTE failed to recognize the liabilities arising from

13

its obligation to sell the noteholders shares at discounted strike prices and the expenses associated with issuing the convertible notes.  The defendants and others therefore caused material misstatements of FTE's liabilities, shareholders' equity and net income in at least four reporting periods. Specifically, FTE's financial statements for the year ended December 31, 2017, which MICHAEL PALLESCHI and DAVID LETHEM, the defendants, signed, and which FTE filed with the SEC on or about April 18, 2018, as amended on or about April 30, 2018, understated FTE's debt derivative liabilities by approximately $48 million and its warrant derivative liabilities by approximately $16 million.  These understatements contributed to the false representation that shareholders' equity was approximately a positive $8 million, when it was actually a deficit of approximately $78 million.  FTE's income statement for that period also failed to recognize an approximately $35 million loss on conversion derivative liability; an approximately $24 million loss on issuance of notes; and a loss on warrant derivative liability.  Consequently, FTE's reported net loss of $13.5 million was understated by at least $59 million.  These losses were the primary drivers of an additional $72 million in expenses, leading to a restated net loss of more

14

than $92 million for the year 2017.

24.   FTE's financial statements for the three month period ending March 31, 2018, which MICHAEL PALLESCHI and DAVID LETHEM, the defendants, signed, and which FTE filed with the SEC on or about May 21, 2018, understated FTE's debt derivative liability by at least $22 million and warrant liability by at least $29 million, thus contributing to the false statement that shareholder equity was approximately a positive $12 million when it was actually negative approximately $56 million.  FTE's income statement for the period also failed to recognize an approximately $13 million loss on warrant liability.

25.   FTE's financial statements for the three month period ending June 30, 2018, which MICHAEL PALLESCHI and DAVID LETHEM, the defendants, signed, and which FTE filed with the SEC on or about August 14, 2018, understated FTE's debt derivative liability by approximately $8 million and its warrant liability by approximately $26 million, thus contributing to the false statement that shareholder equity was approximately a positive $2 million when it was actually approximately a negative $45 million.

26.   FTE's financial statements for the three month period ending September 30, 2018, which MICHAEL PALLESCHI and

15

DAVID LETHEM, the defendants, signed, and which FTE filed with the SEC on or about November 19, 2018, understated FTE's debt derivative liability by approximately $11 million and its warrant liability by approximately $11 million, thus contributing to the false statement that shareholder equity deficit was $5.5 million when it was actually a deficit of approximately $36.3 million.

### The Fraudulent Revenue

27.   In furtherance of the scheme to defraud investors and lenders, from at least in or about 2016 through in or about 2018, MICHAEL PALLESCHI, DAVID LETHEM, the defendants, and others fraudulently recognized and reported revenue in FTE's financial statements in order to inflate revenue, to reduce FTE's net loss and to create the false appearance of a trend of decreasing net losses in recent years.  This fraudulent revenue included, among other things:  a) more than $10 million in "unbilled" revenue that the defendants and others represented FTE had earned from services purportedly provided to a large customer of FTE ("Customer-1") but for which the defendants and others falsely represented FTE could not seek payment from Customer-1; b) a more than $2.5 million "miscellaneous receivable" comprised of outstanding invoices purportedly billed

16

to several of FTE's customers; and c) approximately $600,000 in revenue FTE had purportedly earned from services purportedly provided another customer of FTE ("Customer-2").

### The Fraudulent "Unbilled" Revenue

28.   Beginning in or about 2016, and continuing through in or about 2018, MICHAEL PALLESCHI, DAVID LETHEM, the defendants, and others fraudulently recognized increasing amounts of unbilled revenue from Customer-1 which they represented to the Auditor was earned on work that FTE had actually performed but which could not yet be billed to Customer-1.   FTE had not been contracted to perform the work in question, had not performed it, and had no expectation of performing it in the future.

29.   Specifically, for the year ended December 31, 2016, FTE reported approximately $5.8 million in fake revenue out of total revenue of approximately $12 million.   In order to conceal the fact that the revenue was not properly recognized, MICHAEL PALLESCHI, DAVID LETHEM, the defendants, and others created and provided to the Auditor, in connection with FTE's 2016 year-end audit, a spreadsheet falsely listing projects that FTE had purportedly completed for Customer-1 and false estimated revenue figures for those projects.

17

30.    Throughout 2017, FTE recognized and falsely reported on its quarterly filings additional amounts of fraudulent unbilled revenue from Customer-1.  In total, in its annual financial statements for the year ending December 31, 2017, FTE recognized more than $10 million in fraudulent revenue from Customer-1, out of total revenue of approximately $243 million and a net operating loss of approximately $1.6 million.

31.    In connection with FTE's 2017 year-end audit, MICHAEL PALLESCHI, DAVID LETHEM, the defendants, and others, among other things:  a) created and provided to the Auditor a spreadsheet falsely listing completed projects FTE had purportedly performed for Customer-1 and false revenue figures for those projects; b) gave the Auditor a false explanation orally and in writing for why FTE could not submit invoices to Customer-1 for the completed projects listed on the spreadsheet; c) provided the Auditor with five FTE invoices to Customer-1 corresponding to five of the projects listed on the spreadsheet, each listing work FTE falsely claimed to have performed and for which it had supposedly billed; and d) provided the Auditor with 21 purported Job Completion Notices falsely representing that 21 of the projects listed on the spreadsheet had been completed, each bearing the purported signatures of an FTE construction

18

manager and project manager.

32.   The defendants and others caused FTE to continue to falsely recognize and report the approximately $10 million in unbilled revenue from Customer-1 in each of FTE's 2018 quarterly filings, resulting in material overstatements of revenue in each of those filings.

### The Fraudulent Miscellaneous Receivable

33.   In or about July 2017, MICHAEL PALLESCHI and DAVID LETHEM, the defendants, and others caused FTE to recognize approximately $2.6 million as a miscellaneous accounts receivable.   The miscellaneous receivable, which was purportedly comprised of amounts owed to FTE by several customers, including Customer-1, was fake.

34.   In or about March 2018, the Auditor e-mailed MICHAEL PALLESCHI, DAVID LETHEM, the defendants, and Director-1, seeking support for the miscellaneous receivable and stating that the receivable would be reversed if support was not provided.   On or about April 15, 2018, three days before FTE filed its 2017 Form 10-K, the Auditor e-mailed PALLESCHI and LETHEM, among others, stating that the miscellaneous receivable should be reduced to zero as no support or justification for the receivable had been given.

19

35.   The following day, on or about April 16, 2018, in an effort to provide the Auditor with fraudulent support for the miscellaneous receivable, MICHAEL PALLESCHI, DAVID LETHEM, the defendants, and a co-conspirator not named herein who held several executive roles at FTE ("CC-1") fabricated and sent to the Auditor an e-mail (the "Fake April 16, 2018 E-Mail") purporting to be from an employee of Customer-1 (the "Customer-1 Employee"). The Fake April 16, 2018 E-Mail stated, among other things, that Customer-1 would "expedite payments" for more than $1,500,000 for projects completed by FTE in 2016 and 2017 so that FTE could continue to recognize the miscellaneous receivable as revenue.

## The Fraudulent Audit Confirmation

36.   In or about 2015, FTE recognized approximately $600,000 in accounts receivable for work FTE purportedly performed for a customer ("Customer-2") pursuant to purchase orders issued by Customer-2 (the "Customer-2 Purchase Orders").

37.   In or about April 2017, as part of FTE's 2016 year-end audit, the Auditor asked DAVID LETHEM, the defendant, for a contact at Customer-2 to whom the Auditor could send an audit confirmation letter seeking confirmation by Customer-2 that FTE was owed payment for the work described in the

20

Customer-2 Purchase Orders (the "Customer-2 Audit Confirmation"). LETHEM provided the name and e-mail address of an employee of Customer-2 who was also then a member of the FTE Board of Directors ("Director-2").

38. In or about the spring of 2017, MICHAEL PALLESCHI, DAVID LETHEM, the defendants, and CC-1 each approached Director-2 and attempted to persuade Director-2 to sign the Customer-2 Audit Confirmation. Director-2 declined to do so. On or about April 27, 2017, LETHEM e-mailed PALLESCHI stating "[Customer-2] confirm..should I just send plan b?" Later that day, LETHEM e-mailed PALLESCHI a Customer-2 Audit Confirmation containing a forged signature of Director-2 with the note "plan b . . ." One minute after sending this forged confirmation, PALLESCHI called LETHEM. Later that day, LETHEM e-mailed PALLESCHI the Customer-2 Audit Confirmation with another version of a forged signature of Director-2. On or about May 2, 2017, LETHEM e-mailed the forged Customer-2 Audit Confirmation to the Auditor.

39. In or about April 2017, an FTE employee e-mailed the Auditor, copying LETHEM, documents purporting to be Customer-2 Purchase Orders which had never been issued by Customer-2.

21

40. As a result of the defendants' fraudulent recognition of revenue, for the year ended December 31, 2016, FTE's financial statements overstated the Company's revenue by approximately 108% and accounts receivable by approximately 477%. For the each of the quarterly periods in 2017 and 2018, FTE's financial statements overstated the Company's accounts receivable by between 18% and 120%.

## STATUTORY ALLEGATIONS

41. From at least in or about January 2016 to at least in or about February 2019, in the Southern District of New York and elsewhere, MICHAEL PALLESCHI and DAVID LETHEM, the defendants, and others knowingly and willfully did conspire and agree together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5; wire fraud, in violation of Title 18, United States Code, Section 1343; making false and misleading statements of material fact in applications, reports and documents required to be filed with the SEC under the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder, in violation of Title 15, United States Code, Section 78ff(a); and improperly

22

influencing the conduct of audits, in violation of Title 15, United States Code, Sections 78m and 78ff, and Title 17, Code of Federal Regulations, Section 240.13b2-2.

## OBJECTS OF THE CONSPIRACY

42.   It was a part and an object of the conspiracy that MICHAEL PALLESCHI, DAVID LETHEM, the defendants, and others knowingly and willfully, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by:  (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of conduct which operated and would operate as a fraud and deceit upon persons, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

23

43. It was a further part and an object of the conspiracy that MICHAEL PALLESCHI and DAVID LETHEM, the defendants, and others knowingly and willfully, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, namely a scheme and artifice to defraud investors in FTE common stock, would and did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, all in violation of Title 18, United States Code, Section 1343.

44. It was a further part and an object of the conspiracy that MICHAEL PALLESCHI, DAVID LETHEM, the defendants, and others willfully and knowingly, would and did make and cause to be made statements in reports and documents required to be filed with the SEC under the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder, which statements were false and misleading with respect to material facts, in violation of Title 15, United States Code, Section 78ff(a).

45. It was a further part and an object of the

24

conspiracy that MICHAEL PALLESCHI, DAVID LETHEM, the defendants, and others willfully and knowingly would and did take actions to fraudulently influence, coerce, manipulate, and mislead independent public and certified accountants engaged in the performance of audits of the financial statements of an issuer for the purpose of rendering such financial statements materially misleading, and did so by, as officers of a company issuing publicly traded securities:  (a) making, and causing to be made, materially false or misleading statements to an accountant; and (b) omitting to state, and causing another person to omit to state, material facts necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant, with these false statements and omissions being in connection with audits, reviews and examinations of required financial statements of the company and the preparation and filing of documents and reports required to be filed with the SEC, in violation of Title 15, United States Code, Sections 78m and 78ff, and Title 17, Code of Federal Regulations, Section 240.13b2-2.

## OVERT ACTS

46.  In furtherance of the conspiracy and to effect

25

the illegal objects thereof, MICHAEL PALLESCHI, DAVID LETHEM, the defendants, together with others committed the following overt acts, in the Southern District of New York and elsewhere:

a.  On or about April 27, 2017, LETHEM e-mailed PALLESCHI with the note "[Customer-2] confirm..should I just send plan b?"

b.  On or about May 2, 2017, LETHEM e-mailed an audit confirmation bearing the forged signature of Director-2 to the Auditor.

c.  On or about April 13, 2018, LETHEM forwarded to the Auditor, copying PALLESCHI and CC-1, five FTE invoices, totaling $605,759.16, purportedly issued to Customer-1.

d.  On or about April 14, 2018, LETHEM e-mailed the Auditor falsely denying that FTE had issued convertible notes to two particular lenders in 2017.

e.  On or about April 15, 2018, CC-1 sent an e-mail approving, for submission to the Auditor, a memorandum falsely stating that FTE was only authorized to bill Customer-1 after all other subcontractors had completed their work on a project.

f.  On or about April 16, 2018, the day before FTE intended to file its 2017 Form 10-K, PALLESCHI, LETHEM, and CC-1 fabricated an e-mail purporting to have been sent by the

26

Customer-1 Employee and forwarded that e-mail to the Auditor.

g.    On or about November 27, 2018, LETHEM sent an e-mail to the CPA attaching several notes purportedly issued by FTE that did not contain convertible features.

(Title 18, United States Code, Section 371.)

## COUNT TWO

### (Securities Fraud)

The Grand Jury further charges:

47.    The allegations set forth in paragraphs 1 through 40 and paragraph 46 are repeated and realleged as if set forth fully herein.

48.    From at least in or about January 2016 to at least in or about February 2019, in the Southern District of New York and elsewhere, MICHAEL PALLESCHI and DAVID LETHEM, the defendants, knowingly and willfully, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by:    (a) employing devices, schemes and artifices to defraud; (b) making untrue statements

27

of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, PALLESCHI and LETHEM engaged in a scheme to mislead the shareholders of FTE and the investing public by concealing and failing to properly disclose and account for FTE's issuance of convertible debt and associated warrants and by fraudulently inflating FTE's reported revenue.

(Title 15, United States Code, Sections 78j(b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5;
Title 18, United States Code, Section 2.)

### COUNT THREE

### (Wire Fraud)

The Grand Jury further charges:

49. The allegations set forth in paragraphs 1 through 40 and paragraph 46 are repeated and realleged as if set forth fully herein.

50. From at least in or about January 2016 to at least in or about February 2019, in the Southern District of New York and elsewhere, MICHAEL PALLESCHI and DAVID LETHEM, the defendants, willfully and knowingly, having devised and

28

intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, PALLESCHI and LETHEM engaged in a scheme to mislead the shareholders of FTE and the investing public, including through interstate wires, by concealing and failing to properly disclose and account for FTE's issuance of convertible debt and associated warrants and by fraudulently inflating FTE's reported revenue.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FOUR

### (Improperly Influencing the Conduct of Audits)

The Grand Jury further charges:

51.  The allegations contained in paragraphs 1 through 40 and paragraph 46 of this Indictment are repeated and realleged as if fully set forth herein.

52.  From at least in or about January 2016 through at least in or about February 2019, in the Southern District of New York and elsewhere, MICHAEL PALLESCHI and DAVID LETHEM, the

29

defendants, willfully and knowingly took actions to fraudulently influence, coerce, manipulate, and mislead independent public and certified accountants engaged in the performance of audits of the financial statements of an issuer for the purpose of rendering such financial statements materially misleading, and did so, as officers of a company issuing publicly traded securities, by: (a) making, and causing to be made, materially false or misleading statements to an accountant; and (b) omitting to state, and causing another person to omit to state, material facts necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant, with these false statements and omissions being in connection with audits, reviews and examinations of required financial statements of the company and the preparation and filing of documents and reports required to be filed with the SEC, to wit, PALLESCHI and LETHEM made affirmative misrepresentations to, and intentionally withheld information from, the Auditor relating to FTE's issuance of convertible debt and warrants and the recording of fraudulent revenue.

(Title 15, United States Code, Sections 78m and 78ff; Title 17, Code of Federal Regulations, Section 240.13b2-2; and Title 18 United States Code, Section 2.)

30

## COUNT FIVE

### (Aggravated Identity Theft)

The Grand Jury further charges:

53.    The allegations set forth in paragraphs 1 through 40 and paragraph 46 are realleged and incorporated by reference as if fully set forth herein.

54.    From at least in or about January 2016 through at least in or about February 2019, in the Southern District of New York and elsewhere, MICHAEL PALLESCHI and DAVID LETHEM, the defendants, willfully and knowingly, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count Three of this Indictment, transferred, possessed, and used, without lawful authority, a means of identification of other persons, to wit, PALLESCHI and LETHEM, used without lawful authority, during and in relation to the wire fraud scheme charged in Count Three of this Indictment, means of identification of the Customer-1 Employee, members of the FTE Board of Directors, and the Transfer Agent Representative.

(Title 18, United States Code, Sections 1028A and 2.)

31

## COUNT SIX

### (Wire Fraud: Misappropriation)

The Grand Jury further charges:

55.    The allegations set forth in paragraphs 1 through 40 and paragraph 46 are repeated and realleged as if set forth fully herein.

56.    From at least in or about 2017 through in or about 2018, MICHAEL PALLESCHI and DAVID LETHEM, the defendants, misappropriated to their personal use FTE corporate funds.  This embezzlement included, among other things, payments for private jet use, luxury automobiles, personal credit cards, unauthorized wire transfers and stock issuances.  As part of this scheme, PALLESCHI and LETHEM used a bank account in the name of another entity to hide their embezzlement of corporate funds.

57.    As part of the Auditor's audits of FTE's year-end financial statements and reviews of FTE's quarterly financial statements, MICHAEL PALLESCHI and DAVID LETHEM, the defendants, sent the Auditor, by e-mail in interstate commerce, management representation letters they had executed in which they represented, among other things, that they were unaware of any fraud or suspected fraud affecting FTE involving management in order to conceal their embezzlement of corporate funds.

32

58.   From at least in or about January 2016 to at least in or about February 2019, in the Southern District of New York and elsewhere, MICHAEL PALLESCHI and DAVID LETHEM, the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, PALLESCHI and LETHEM engaged in a scheme to embezzle funds from FTE and concealed the scheme by sending management representation letters containing false denials of their embezzlements to the Auditor in interstate commerce.

(Title 18, United States Code, Sections 1343 and 2.)

**FORFEITURE ALLEGATION**

59.   As the result of committing one or more of the offenses alleged in Counts One through Three and Six of this Indictment, MICHAEL PALLESCHI and DAVID LETHEM, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States

33

Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses.

**Substitute Asset Provision**

60.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been comingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

FOREPERSON

AUDREY STRAUSS
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MICHAEL PALLESCHI, and
DAVID LETHEM,

Defendants.

INDICTMENT

21 Cr. ___  (___)

(Title 15, United States Code, Sections
78j(b), 78m, and 78ff; Title 17, Code
of Federal Regulations, Sections
240.13b2-2 & 240.10b-5; Title 18,
United States Code, Sections 371,
1028A, 1343 & 2)

AUDREY STRAUSS
United States Attorney.

A TRUE BILL

Foreperson.